# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN DOE[1],

    Appellant,

     v.

DEPARTMENT OF THE NAVY,

    Agency.

DOCKET NUMBER
AT-0752-15-0206-I-1

DATE: April 21, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Michael W. Macomber</u>, Esquire, Albany, New York, for the appellant.

<u>Steven P. Hester</u>, Esquire, Pensacola, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] The Board has granted the appellant anonymity sua sponte to prevent an unwarranted invasion of the privacy of a third party. *See, e.g.*, *Doe v. National Security Agency*, 6 M.S.P.R. 555 n.* (1981).

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).    After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Except as expressly MODIFIED by this Final Order to analyze the appellant's claim that the proposed removal was deficient as a claim of harmful procedural error or a denial of due process, we AFFIRM the initial decision.

¶2        The appellant held the position of Security Specialist at the agency's Naval Air Station in Milton, Florida.    Initial Appeal File (IAF), Tab 4 at 21.    In November 2014, the agency removed him based upon charges of conduct unbecoming, lack of candor, and failure to follow proper leave requesting procedures. *Id*. at 17-21, 23-26, 47-49.

¶3        The appellant filed the instant appeal.    IAF, Tab 1.    After holding the requested hearing, the administrative judge found that the agency met its burden of proving the conduct unbecoming and lack of candor charges, but failed to prove the failure to follow proper leave requesting procedures charge.    IAF, Tab 36, Initial Decision (ID) at 4-14.   He also found that the agency established the requisite nexus and that removal was a reasonable penalty for the sustained charges.  ID at 14-19.

¶4    The appellant has filed a petition for review disputing the sustained findings concerning the charges, nexus, and penalty.[3]  Petition for Review (PFR) File, Tab 1.  The agency has filed a response, and the appellant has replied.[4]  PFR File, Tabs 5-6.

The agency proved the conduct unbecoming charge.

¶5    The agency's conduct unbecoming charge stated that the appellant's 4-year-old son suffered extreme bruising due to an alleged spanking by the appellant.  IAF, Tab 4 at 23.  It further stated that a household nanny reported the incident to local police and the Florida Department of Children and Families (DCF), resulting in the appellant's arrest.  *Id.*  Finally, the agency's charge stated that a medical exam by DCF documented extreme bruising to the child's back, buttocks, hamstring and calves.  *Id.*  The administrative judge sustained the charge, and we agree.  ID at 4-9.

¶6    The appellant's petition for review first appears to suggest that the agency should have been required to prove the elements of Florida's aggravated child abuse statute in order to prove its conduct unbecoming charge.  PFR File, Tab 1 at 9-10, Tab 6 at 9-10.  We disagree.  The agency charged the appellant with

---

[3] The appellant has not presented any substantive arguments concerning the affirmative defenses addressed in the initial decision, and we find no reason to revisit the administrative judge's well-reasoned findings as to the same.  ID at 20-23.

[4] On November 23, 2015, after the record closed on petition for review, the appellant filed a motion to consider new and material evidence in which he asserted that the Department of Defense Central Adjudication Facility favorably adjudicated his security clearance and to which he attached two documents.  PFR File, Tab 7.  The agency filed a response opposing the appellant's motion.  PFR File, Tab 8. While one of the documents submitted by the appellant is dated after the close of the record on review, we find that the evidence or argument submitted is not material to the outcome of this appeal.  Moreover, the appellant failed to comply with the Board's regulations requiring a party to file a motion with and receive leave from the Clerk of the Board before filing a pleading other than the ones set forth in 5 C.F.R. § 1201.114(a).  Accordingly, we give no further consideration to the appellant's November 23, 2015 pleading or the agency's response thereto.

conduct unbecoming a Security Specialist, not with the commission of aggravated child abuse or other criminal offense. IAF, Tab 4 at 23. Therefore, the agency was not required to prove the elements of a crime. *See Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 43 (2010), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011).

¶7      The appellant also disputes the charge based upon an assertion that he was not criminally prosecuted for his actions as alleged in the conduct unbecoming charge. PFR File, Tab 1 at 9-11. He alleges that the prosecuting attorney refused to pursue the criminal case because of scant evidence. *Id*. at 10. However, it is undisputed that the appellant was criminally charged and his case was referred to a pre-trial intervention program. IAF, Tab 4 at 29-30, 53-54, Tab 19 at 14, 19. Although the appellant characterizes this resolution differently on review, his testimony suggests that he agreed to the pre-trial intervention program as a way to conclude the matter because the state was otherwise unwilling to drop the case. Hearing Transcript (HT) at 242 (testimony of the appellant). Moreover, the resolution of his criminal charge is not dispositive; the Board has upheld conduct unbecoming charges in similar circumstances. *See generally Long*, 113 M.S.P.R. 190 (finding good cause to remove an administrative law judge for a charge of conduct unbecoming, where the underlying off-duty misconduct resulted in an arrest, but the prosecutor entered a nolle prosequi on the criminal charges).

¶8      The appellant next argues that the administrative judge erred in sustaining the conduct unbecoming charge based solely on hearsay statements from an unsigned police report.[5] PFR File, Tab 1 at 11-17. We find that the appellant

[5] The police report includes the investigator's summary of interviews with several individuals, including the appellant's 4-year-old son, the nanny that discovered the child's bruising, the nurse that examined the child, and the appellant's wife. IAF, Tab 4 at 31-34. It also includes the investigator's description of the child's bruising based upon pictures taken the day the bruising was reported and the investigator's own observations during a follow-up visit 2 days later. *Id*. at 31, 33. According to the police report, the child was largely unable to answer questions about his bruising, but he told the examining nurse that the appellant directed him not to tell anyone, and

overstates the significance of the police report in the administrative judge's determination and that the evidence was properly considered.

¶9      Although the appellant's petition asserts that the administrative judge relied solely on the police report as evidence in sustaining the conduct unbecoming charge, the administrative judge largely relied on the appellant's own admissions and the logical conclusions that result from those admissions.  ID at 5-9; *cf. Arthur v. Department of the Army*, 10 M.S.P.R. 239, 241-43 (1982) (finding that an agency failed to prove its misconduct charge where it relied, in toto, on data excerpted from an arrest record, a police report of an interview with a complaining witness, and a court calendar with receipt stating the employee was convicted).  The appellant has admitted the following: he hit the child with a belt on the Thursday or Friday of the relevant period because the child had been violent with a teacher, the nanny discovered bruising the following Monday, the bruising was reported to authorities, police arrested the appellant for aggravated child abuse, and the appellant agreed to a pretrial intervention program.  *See, e.g.*, PFR File, Tab 1 at 4-6; HT at 199-210, 223-34, 242-43 (testimony of the appellant).  Therefore, there is no genuine dispute concerning those facts.

¶10      The appellant does dispute the cause of the child's bruising.  He has suggested that the bruising may have resulted from pretend sword fighting with the child's older brother, jumping off his bed onto hardwood floors, jumping down a mound of dirt, and/or a platelet disorder that causes excessive bruising.  *E.g.*, HT at 200-02, 208-09 (testimony of the appellant); IAF, Tab 19 at 13.  However, the administrative judge properly weighed the appellant's alternate theories for the bruising against the appellant's admissions that he hit the child with a belt multiple times as discipline.  ID at 6-9.  The administrative judge's credibility analysis relied, in part, on the implausibility and lack of supportive

2 days later he told the investigator that his parents directed him not to say anything.  *Id*. at 32-33.  The report also included a notation that the appellant during his arrest acknowledged spanking the child.  *Id*. at 34.

evidence for the appellant's alternative theories for the bruising, as well as a determination that the appellant's testimony appeared to minimize his discipline of the child. *Id.*; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1305 (Fed. Cir. 2002) (holding that the Board will defer to an administrative judge's credibility determinations when they are implicitly based upon the observation of the demeanor of witnesses testifying at a hearing).

¶11 In making his credibility determinations, the administrative judge gave significant weight to allegations that the appellant directed the child not to say anything about his injuries, as documented in the police report. ID at 8; *see* IAF, Tab 4 at 32-33. Because the hearsay evidence in the police report is relevant, it was properly admitted. *See Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83 (1981). The pertinent question is the probative value of this evidence. *Id.* at 87 (listing the factors that may affect the weight of hearsay evidence to include: (1) the availability of persons with firsthand knowledge to testify at the hearing; (2) whether the statements of the out-of-court declarants were signed or in affidavit form, and whether anyone witnessed the signing; (3) the agency's explanation for failing to obtain signed or sworn statements; (4) whether declarants were disinterested witnesses to the events, and whether the statements were routinely made; (5) consistency of the declarants' accounts with other information in the case, internal consistency, and their consistency with each other; (6) whether corroboration for statements otherwise can be found in the agency record; (7) the absence of contradictory evidence; and (8) credibility of the declarant when he made the statement attributed to him).

¶12 As noted by the administrative judge, some factors weighed against the probative value of the hearsay evidence contained in the police report, but other factors were counterbalancing. ID at 4, n.1. The police report did not contain signatures for any statement, the agency failed to explain why individuals involved in the police report were unavailable to testify, and the agency failed to obtain sworn statements from those individuals. *Id.* However, the investigator

and examining nurse who provided statements for the report were disinterested witnesses. *Id.*; *see* IAF, Tab 4 at 32-33. In addition, the investigator and examining nurse both reported the child stating that his parents directed him not to say anything. ID at 4, n.1; IAF, Tab 4 at 32-33. Further, the administrative judge noted that the child's recounting of the directive was not being offered for the truth of the matter asserted, but for the effect on the listener. ID at 4, n.1; *see* Fed. R. Evid. 801(c)(2) (defining hearsay, in pertinent part, as evidence a party offers "to prove the truth of the matter asserted in the statement"). Although the appellant disagrees, we discern no basis for disturbing the administrative judge's balancing of relevant factors in considering the hearsay evidence contained in the police report. Moreover, as previously discussed, the appellant overstates the significance of that hearsay evidence, given his own admissions and the administrative judge's weighing of his credibility.

¶13    The appellant's final argument concerning the conduct unbecoming charge is a suggestion that the administrative judge's conclusions only can be explained by bias and personal views about corporal punishment. PFR File, Tab 1 at 12, 17-18. However, the appellant, by this argument, has failed to overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Although the appellant disagrees with the administrative judge's findings, and speculates that those findings may be the result of bias, he has not identified any comments or actions indicative of favoritism or antagonism. *See Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (explaining that an administrative judge's conduct warrants a new adjudication only if his conduct reflects "a deep-seated favoritism or antagonism that would make fair judgment impossible") (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

The agency proved the lack of candor charge.

¶14      The agency's lack of candor charge alleged that the appellant was obligated to provide true, accurate, and complete answers on his Standard Form 86 (SF-86), Optional Form 306 (OF-306), and his résumé, but he failed to do so by omitting information about his employment with, and termination from, U.S. Protect, a defense contractor. IAF, Tab 4 at 23. The administrative judge concluded that the agency proved that the appellant failed to identify his U.S. Protect employment on the SF-86, failed to identify his termination from U.S. Protect on the SF-86, and failed to identify his termination from U.S. Protect on the OF-306.[6] ID at 12-13. Therefore, the administrative judge sustained the charge. ID at 13.

¶15      The appellant reasserts that he was not terminated from his position with U.S. Protect, so the allegations concerning his failing to identify a prior termination on his SF-86 and OF-306 cannot stand. PFR File, Tab 1 at 21-23. However, the administrative judge reached a contrary conclusion, primarily because of well-reasoned credibility findings. ID at 11.

¶16      The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe*, 288 F.3d at 1301. In this case, the agency presented testimony from C.S., an individual who witnessed the circumstances surrounding the appellant's separation from U.S. Protect and identified it as a firing. HT at 123-27 (testimony of C.S.). The administrative judge found the testimony of C.S. credible, based on his demeanor, his unequivocal recollection of the matter, and a

---

[6] The administrative judge did not sustain the agency's specification that the appellant failed to disclose his employment with, and termination from, U.S. Protect on his résumé because the agency failed to establish that the appellant was obligated to do so. ID at 13.

document that supported his assertions.  ID at 11 (referencing IAF, Tab 25 at 6); *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (discussing the relevant credibility factors, such as the consistency of a witness's version with other evidence and the witness's demeanor).  Although the appellant testified that he left U.S. Protect voluntarily, HT at 186-87 (testimony of the appellant), the administrative judge found his testimony unconvincing, disjointed, and somewhat frenetic, ID at 11.  The appellant disagrees with the administrative judge's credibility findings, largely because of a purported inconsistency between the testimony of C.S. and his report during the investigation.  PFR File, Tab 1 at 22.  However, we find this purported inconsistency inconsequential.  *Compare* HT at 131 (reporting that the appellant was fired for failing to meet U.S. Protect standards, such as permitting dress code violations of subordinates), *with* IAF, Tab 4 at 39 (describing other reasons for the appellant's termination, such as appellant's own dress code violations, his traveling to Iraq without coordination, and using his wife as a personal assistant, resulting in unauthorized access to files).  Accordingly, we find that the appellant has failed to provide a basis for disturbing the administrative judge's well-reasoned findings.

¶17    Finally, the appellant appears to argue that, because the agency failed to prove every instance alleged in the narrative supporting the lack of candor charge, the charge should not be sustained.  PFR File, Tab 1 at 19-20.  However, the agency's obligation was to prove the essence of the charge, not every allegation therein.  *Otero v. U.S. Postal Service*, 73 M.S.P.R. 198, 203 (1997); *see Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (determining that proof of one supporting specification is sufficient to sustain a charge).  Therefore, we conclude that the administrative judge properly sustained the charge, despite the agency proving only some of the specific instances underlying the lack of candor charge.  ID at 12-13.

<u>To the extent the appellant is alleging that the agency deprived him of due process or committed harmful procedural error, any such argument lacks merit.</u>

¶18        On review, the appellant also argues that the lack of candor charge cannot stand because notice of the charge was procedurally deficient. PFR File, Tab 1 at 19-20; *see* IAF, Tab 34 at 10. Specifically, he alleges that, while the charge referred to omissions on his SF-86, it failed to identify which of two SF-86s contained those omissions.[7] *Id*. We disagree.

¶19        The purpose of the notification of charges is to provide a fair opportunity to oppose the agency action by informing the appellant of the reasons for the proposed action with sufficient particularity to apprise him of allegations to be refuted or acts he must justify. *Coltrane v. Department of the Army*, 25 M.S.P.R. 397, 403 (1984). Although the proposal to remove the appellant did not specify which SF-86 was at issue, the proposal did identify the form, generally. IAF, Tab 4 at 23. In addition, the proposal references the Navy Criminal Investigative Service investigative report, which specifically identifies both SF-86s. *Id*. at 23, 44. Further, the proposal informed the appellant that he could review materials

---

[7] In the initial decision, the administrative judge found the proposal notice unclear in this regard, but sustained the charge after locating the information on the forms themselves. ID at 9, 12-13. To the extent that the administrative judge failed to analyze the ambiguity of the proposal notice as a due process or harmful error affirmative defense, we modify the decision, nonetheless finding that these affirmative defenses fail. The proposal notice identified the appellant's prior employment with U.S. Protect, including the fact that he was terminated. IAF, Tab 4 at 23. Further, the proposal notice stated that he was dishonest on his SF-86 when he answered "no" to whether he had been terminated from prior employment. *Id.* The notice advised the appellant that he could request the materials underlying the charges. *Id.* at 25. He does not allege, however, that he requested and was denied his SF-86 form or forms. PFR File, Tab 1 at 19-20; IAF, Tab 31 at 10-12. Under these circumstances, we decline to find that the agency's notice of the charges was deficient. *McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶¶ 16-18 (2014) (declining to find harmful error or a violation of due process when the weight of the evidence did not support the appellant's claim that he requested but was denied the materials underlying his proposed removal); *Alvarado v. Department of the Air Force*, 97 M.S.P.R. 389, ¶¶ 8-13 (2004) (finding that an agency provided sufficient notice when it attached a chart to a proposed removal detailing the appellant's alleged careless workmanship).

pertinent to his removal, and the appellant has not alleged that those materials failed to include the SF-86s. IAF, Tab 4 at 25, 44, Tab 28 at 5-13. Finally, the administrative judge properly found that information omitted from each of the two SF-86s supported the lack of candor charge. ID at 12. Accordingly, we find no merit to the appellant's suggestion that he lacked sufficient notice to defend against the lack of candor charge.

The agency met its burden of establishing nexus.

¶20    In addition to the requirement that the agency prove its charges, the agency also must prove that there is a nexus, i.e., a clear and direct relationship between the articulated grounds for an adverse action and either the appellant's ability to accomplish his duties satisfactorily or some other legitimate government interest. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 8 (2010). The administrative judge found that the agency established a nexus for the sustained charges, and we agree. ID at 14-15.

¶21    On review, the appellant reasserts that his off-duty conduct had no bearing on his employment. PFR File, Tab 1 at 26. However, one way of establishing a nexus linking an employee's off-duty misconduct with the efficiency of the service is to show by preponderant evidence that the misconduct affects management's trust and confidence in the employee's job performance. *Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987). We agree with the administrative judge's finding that the agency established a nexus for the conduct unbecoming charge because the appellant's actions caused management to lose faith in his ability to provide a measured response to stressful situations as he completed his central duties of ensuring security. ID at 14-15; HT at 67-71; *see, e.g.*, *Honeycutt v. Department of Labor*, 22 M.S.P.R. 491, 494 (1984) (finding that the appellant's off-duty arrest for first degree assault and public drunkenness bore a nexus to the efficiency of the service given the sensitive and trustworthy nature of his duties), *aff'd*, 770 F.2d 181 (Fed. Cir. 1985) (Table); *Barnhill v. Department of Justice*, 10 M.S.P.R. 378, 380-81 (1982) (reasoning that the

appellant's off-duty obscene telephone calls and threats of violence to a woman bore a nexus to the efficiency of the service given his position as a Border Patrol Agent). In this regard, the administrative judge noted the deciding official's testimony that the appellant's central duties involved ensuring that the installation maintains adequate physical security and that the appellant was expected to obtain a weapon from the agency's armory and repel any attack of the installation. ID at 15. The administrative judge further noted the deciding official's testimony that the appellant's misconduct with his son caused him to question the appellant's "composure" and his ability to control his emotions in connection with his responsibility for protecting people. *Id.*

¶22      The appellant also disputes the administrative judge's finding of nexus for the lack of candor charge because the charge stems from forms he completed years ago. PFR File, Tab 1 at 27; *see* ID at 15. We are not persuaded. *See Harmon v. General Services Administration*, 61 M.S.P.R. 327, 329, 334-35 (1994) (finding nexus where an employee falsified his application materials years earlier), *aff'd*, 47 F.3d 1181 (Fed. Cir. 1995) (Table); *see also Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶ 28 (2000) (finding that an agency has a right to expect its workers to be honest, trustworthy, and candid; a lack of candor strikes at the very heart of the employer-employee relationship), *aff'd*, 278 F.3d 1280, 1284 (Fed. Cir. 2002).

The administrative judge properly sustained the penalty of removal.

¶23      When some but not all of the charges are sustained in an adverse action appeal such as this, the Board will carefully consider whether the sustained charges merited the penalty imposed by the agency. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 308 (1981). However, the Board's role in this case is not to independently determine the penalty but to decide whether the agency's choice of penalty is appropriate. *See Lachance v. Devall*, 178 F.3d 1246, 1258-59 (Fed. Cir. 1999).

¶24    The administrative judge determined that the sustained charges were considerably more egregious than the one that was not proven.  ID at 16.  He also found that the agency considered the relevant *Douglas* factors and that removal was a reasonable penalty.  ID at 17-19.  While the appellant has expressed disagreement in his petition, PFR File, Tab 1 at 27-28, he has provided no basis upon which to disturb the administrative judge's decision to sustain the removal, *see, e.g.*, *Kamahele v. Department of Homeland Security*, 108 M.S.P.R. 666, ¶¶ 2, 15 (2008) (assessing that the penalty of removal was reasonable where the appellant demonstrated a lack of candor and inappropriate conduct); *Dunn v. Department of the Air Force*, 96 M.S.P.R. 166, ¶¶ 2, 15-18 (2004) (finding that removal was reasonable where the employee engaged in conduct unbecoming and exhibited a lack of candor), *aff'd,* 139 F. App'x 280 (Fed. Cir. 2005).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in

title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.